Kamran Fattahi (Cal. Bar 150,343)
LAW OFFICES OF KAMRAN FATTAHI
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Tel: (818) 205-0140
Fax: (818) 205-0145
E-mail: Kamran@FattahiLaw.com

Attorneys for Plaintiff
American Impex Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN IMPEX CORP., d/b/a ACE FABRICS & TRIMS,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL ACE TEX, INC.; PAYMAN MALEKAN; ETHAN MALEKAN; SEON MALEKAN; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Case No. CV09-7082 PA (Ex)<br><br>**[PROPOSED] ORDER RE PRELIMINARY INJUNCTION**<br><br>Date: November 9, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 15<br>　　(Hon. Percy Anderson)<br>　　312 N. Spring St.<br>　　Los Angeles, CA 90012 |

The Court has fully considered Plaintiff's "Motion for Preliminary Injunction," filed on October 19, 2009, as well as the papers filed in support and in opposition, other pleadings of record, and arguments presented on behalf of Plaintiff and Defendants. **Good cause appearing therefor, the Court finds as follows:**

1.　Plaintiff American Impex Corp. ("AIC") and Ace Textile, Inc. ("Ace Textile") were previously parties to an action before this Court, captioned as "American Impex Corp., d/b/a Ace Fabrics & Trims v. Ace Textile, Inc.; Civil Case No. CV-08-01948 PA (Ex)" (hereinafter "the Original Action").

2.　The Original Action primarily involved AIC's claims of trademark infringement and related unfair competition claims against Ace Textile resulting from the latter's usage of the ACE and ACE TEXTILE trademarks and trade names

in marketing and selling textiles and fabrics in violation of AIC's trademark and trade identity rights in its federally registered marks ACE and ACE FABRICS & TRIMS (i.e., U.S. Registration No. 3,472,010 for the mark ACE, and U.S. Registration No. 3,472,011 for the mark ACE FABRICS & TRIMS).

3. AIC and Ace Textile settled the Original Action by entering into a Settlement Agreement having an Effective Date of February 17, 2009 ("Settlement Agreement").

4. As a result of the Settlement Agreement, on February 20, 2009, this Court entered an "Order Dismissing Action With Prejudice," which ended the Original Action between AIC and Ace Textile. This Court retained exclusive jurisdiction over any action or motion relating to the breach or enforcement of the Settlement Agreement.

5. As part of the Settlement Agreement (¶ 3), Ace Textile agreed and acknowledged that the aforementioned federal registrations are exclusively owned by AIC, and are valid and fully enforceable.

6. Pursuant to ¶ 1 of the Settlement Agreement, Ace Textile agreed that by June 17, 2009, it would stop using the terms 'ACE' or 'ACE TEXTILE' in any and all manners of use whatsoever, including but not limited to use of these terms as part of its corporate name, trade name, as part of a trademark or service mark, in marketing, advertising, selling, or distributing of goods or services in the field of textiles or fabrics, and in telephone listings, websites or e-mail addresses, store signage, invoicing, packaging and shipping related to the same.

7. Pursuant to ¶ 2 of the Settlement Agreement, Ace Textile also agreed that by June 17, 2009, it would adopt and use the terms "International Acetex" and/or "International Acetex, Inc." (hereinafter collectively the "New Name") as its corporate name, trade name, trademark or service mark, in marketing, advertising, selling, or distributing of goods or services in the field of textiles or fabrics, and in telephone listings, websites or e-mail addresses, store signage, invoicing, packaging

and shipping related to the same. Ace Textile had agreed that in adopting and using the New Name, the term "Acetex" would appear as a single word without any separation between its letters; the word "International" would always appear before the term "Acetex"; all the letters comprising the New Name would appear either as upper case or as lower case letters; all the letters comprising the New Name would be in the same size, color, font, and styling; and the New Name would not appear or be used in a way that would highlight or give attention to the word "Ace" (by way of example, while "ACETEX", or "Acetex", or "acetex" may be used, Ace Textile shall not use "AceTex" or "Ace-Tex" or "Ace-tex" or "Ace/Tex" or "Ace/tex").

8. Paragraph 5.c. of the Settlement Agreement provided a two-month "Notice and Cure" provision in the event of an "honest mistake" by Ace Textile in breaching the Settlement Agreement during a period of two (2) months immediately after Ace Textile was required to have met its obligations (i.e., between June 17, 2009 and August 17, 2009). But, the same paragraph stated that the "Notice and Cure" provision would not apply to any breach of the Agreement by Ace Textile that may occur after August 17, 2009.

9. Pursuant to ¶ 5.a. of the Settlement Agreement, it was expressly acknowledged by the Parties that a breach any of the terms of the Settlement Agreement by the breaching party would cause injury to the non-breaching party as U.S. federal law and the laws of the State of California recognize as immediate and irreparable, and that preliminary and permanent injunctive relief would be appropriate.

10. Paragraph 5.b. of the Settlement Agreement allows for liquidated damages in favor of Plaintiff AIC by stating as follows: *"It is hereby expressly acknowledged by the Parties that in the event that Ace Textile breaches any of the terms of this Agreement, in addition to other legal and injunctive relief, as liquidated damages for each instance of breach, AIC shall be entitled to recover and collect the sum of $25,000 (twenty five thousand dollars) solely from Ace*

*Textile, Inc., or from International Acetex, Inc. after the corporate name change has taken place, or from their successors and assigns."*

11. Paragraph 5.e. of the Settlement Agreement provides a "prevailing party attorney's fees" provision in any action relating to the breach or for enforcement of the Settlement Agreement.

12. Paragraph 6.b. of the Settlement Agreement provides a "Successors and Assigns" provision as follows: *"This Agreement shall extend to, inure to the benefit of, and be binding upon the Parties hereto and their respective directors, officers (including without limitation the individuals Ethan Malekan and Seon Malekan who are currently officers of Ace Textile, Inc.), shareholders, partners, proprietors, agents, servants, employees, representatives, affiliates, parents, subsidiaries, predecessors, and permitted successors and assigns."*

13. Pursuant to ¶ 6.b. of the Settlement Agreement, its terms are binding upon individual defendants Payman Malekan, Ethan Malekan, and Seon Malekan.

14. Defendants Payman Malekan, Ethan Malekan, and Seon Malekan are hereinafter individually and collectively referred to as the **"Malekan defendants"**; and defendant IATI and the Malekan defendants are together collectively referred to as **"Defendants,"** unless otherwise noted or is made reasonably clear from the context.

15. In or about May 2009, Ace Textile filed certain papers with the Secretary of the State of California and changed its corporate name from "Ace Textile, Inc." to "International Ace Tex, Inc."

16. The adoption and use of defendant IATI's new corporate name – "International Ace Tex, Inc." – is in direct violation and breach of ¶ 2 of the Settlement Agreement, because the term "Ace Tex" is spelled as two separate words, not one word as "Acetex" as required by the Settlement Agreement. In addition, IATI's use of its new corporate name either as "International Ace Tex, Inc." or as "International AceTex, Inc." violates ¶ 2 of the Settlement Agreement,

1 because it causes the term "Ace" to be impermissibly highlighted.

2  17.  After June 17, 2009, and even after August 17, 2009, Defendants have continued to use the term ACE TEXTILE as part of their trade name, trademark and/or service mark – including but not limited to use on store signage, invoices, and/or telephone listings – to market, distribute, and sell textiles and other related goods.

18.  The continued usage of the term ACE TEXTILE by Defendants beyond June 17, 2009 and beyond August 17, 2009 is in direct violation and a material breach of ¶ 1 of the Settlement Agreement.

19.  Because Defendants' breaches of the Settlement Agreement between June 17, 2009 and August 17, 2009 were not due to an "honest mistake," under ¶5.c. of the Settlement Agreement, AIC was not required to provide any notice of the same to Defendants.

20.  The "Notice and Cure" provision in ¶5.c. of the Settlement Agreement does not apply to Defendants' breaches of the Settlement Agreement that occurred after August 17, 2009.

21.  Plaintiff AIC has not authorized or otherwise excused Defendants' breach of the Settlement Agreement.

22.  Plaintiff has been and continues to be damaged and injured by Defendants' breach of the Settlement Agreement, and such damages are immediate and irreparable, and that temporary, preliminary and permanent injunctive relief in favor of Plaintiff is appropriate. In addition, Defendants expressly acknowledged the same in ¶ 5.a. of the Settlement Agreement in the event of a breach thereof.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

Plaintiff AIC's Motion for Preliminary Injunction is granted, and Plaintiff AIC is provided with the following preliminary injunctive relief:

1. Pending a trial of this action or further order of this Court, Defendants International Ace Tex, Inc., Payman Malekan, Ethan Malekan, and Seon Malekan, individually and collectively, their officers, owners, agents, servants, employees, representatives, related entities, predecessors, successors, and assigns, and all persons, entities, or corporations in active concert and participation with any of them, are required to:

    A. Fully and immediately comply with the terms set forth in ¶ 1 of the Settlement Agreement between Plaintiff AIC and "Ace Textile, Inc." having an effective date of February 17, 2009, namely: stop using either of the terms "Ace" or "Ace Textile" – alone or in combination with other term(s) or designs or logos – in any and all formats and manners of use whatsoever, including but not limited to use of these terms as part of its corporate name, trade name, as part of a trademark or service mark, in marketing, advertising, selling, or distributing of goods or services in the field of textiles or fabrics, and in telephone listings, websites or e-mail addresses, store signage, invoicing, packaging and shipping related to the same. However, the requirements of this paragraph are subject to the provisions in paragraph "B" below, which allow Defendants to begin using the term "ACETEX" as specifically set forth in that paragraph.

    B. Fully and immediately comply with the terms set forth in ¶ 2 of the Settlement Agreement between Plaintiff AIC and "Ace Textile, Inc." having an effective date of February 17, 2009, namely: adopt and use the terms "International Acetex" and/or "International Acetex, Inc." (hereinafter collectively the "New Name") as its corporate name, trade name, trademark or service mark, in marketing, advertising, selling, or distributing of goods

or services in the field of textiles or fabrics, and in telephone listings, websites or e-mail addresses, store signage, invoicing, packaging and shipping related to the same. As for the corporation "Ace Textile, Inc.," and its change of name to "International Acetex, Inc.," such change shall be done under the same corporate charter. In adopting and using the New Name, the term "Acetex" shall appear as a single word without any separation between its letters; the word "International" shall always appear before the term "Acetex"; all the letters comprising the New Name shall appear either as upper case or as lower case letters; all the letters comprising the New Name shall be in the same size, color, font, and styling; and the New Name shall not appear or be used in a way that would highlight or give attention to the word "Ace" (by way of example, while "ACETEX", or "Acetex", or "acetex" may be used, Ace Textile shall not use "AceTex" or "Ace-Tex" or "Ace-tex" or "Ace/Tex" or "Ace/tex").

C. Stop using any other word, term, design, logo, symbol, trademark, trade name, or designation on or in connection with the advertising, marketing, selling, offering for sale, or distributing in the United States any textile or home furnishing products – as well as any related goods/services – wherein such other word, term, design, mark, logo, symbol, trademark, trade name, or designation is likely to cause confusion with Plaintiff's "ACE" or "ACE FABRICS & TRIMS" marks and trade names, or is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, or sponsorship of the goods or services of Plaintiff.

    D.    File with the Court and serve upon counsel for Plaintiff – within _____ days after the effective date of this Order Re Preliminary Injunction – affidavits under penalty of perjury to confirm Defendants' compliance with the terms of this Order.

    2.    This Order Re Preliminary Injunction is effective upon Plaintiff's filing with the Court a notice indicating that its has posted a bond as undertaking security in the amount of $_____, and service of such notice on counsel of record for Defendants.

IT IS SO ORDERED.

Dated: _____

    Percy Anderson
    United States District Judge

LAW OFFICES OF KAMRAN FATTAHI
Sherman Oaks Galleria
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
Tel (818) 205-0140 ; Fax (818) 205-0145

- 8 -

[Proposed] Order Re Preliminary Injunction
American Impex v. International Ace Tex

## PROOF OF SERVICE

As attorney of record for Plaintiff American Impex Corp. (d/b/a Ace Fabrics & Trims) in Civil Action No. CV09-7082 PA (Ex), I hereby certify that I caused the documents listed below to be served on the date indicated below on all parties to this action via the delivery method indicated and addressed to:

<u>Via E-mail (per stipulation by Larry F. Gitlin to accept service by e-mail)</u>

Larry F. Gitlin, Esq.
RAPKIN, GITLIN & BEAUMONT
21650 Oxnard St., Suite 1620
Woodland Hills, CA 91367-4620
E-mail: LGitlin@rgblawyers.com

Document(s) Served

- Plaintiff's Notice of Motion and Motion for Preliminary Injunction.
- Memorandum of Points and Authorities In Support of Plaintiff's Motion for Preliminary Injunction.
- [Proposed] Order Re Preliminary Injunction

Dated: October 19, 2009         /s/ Kamran Fattahi
                                Kamran Fattahi
                                LAW OFFICES OF KAMRAN FATTAHI
                                Attorneys for Plaintiff,
                                American Impex Corp.(d/b/a Ace Fabrics & Trims)

CV09-7082 PA (Ex)
American Impex v. International Ace Tex